UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEVELYN STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1272 NAB |
| ) | |
| TOM VILLMER, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the request by plaintiff (registration no. 1063605), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee.[1] The Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

---
[1] Plaintiff makes this request within the body of his complaint.

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at Farmington Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.[2] Named as the sole defendant in this action is Tom Villmer, the Warden at Farmington Correctional Center.

Plaintiff claims that he has had "problems with the telephones" and "some burning problems" when he uses the restroom. He also asserts that he is "being used by a place called HAARP" and he has been slandered at FCC.

Plaintiff elaborates that the correctional officers at FCC are often verbally abusive[3], and he claims that he "sometimes hears voices" which occurs more frequently when he is under stress. Plaintiff asserts that because he began believing that his medication to stop the voices would cause diabetes, so he started spitting his medication in the toilet. After that time he came to believe that he was being "used" by a place in Alaska called HAARP,[4] "that had something to do with Sara Palin." Plaintiff believes that HAARP is situated on an old naval base in Alaska and uses the Earth's ionosphere to control individuals and the weather through microwaves. Plaintiff claims that HAARP also assists the St. Louis Rams. Plaintiff believes he is being used,

---

[2] Although plaintiff filed his complaint on a form for filing petitions for habeas corpus pursuant to 28 U.S.C. § 2241, he is neither a federal prisoner nor a state pretrial detainee. Therefore, it does not appear that relief under § 2241 is available to plaintiff. Rather, plaintiff's claims sound generally as "condition of confinement claims," more appropriately brought pursuant to 42 U.S.C. § 1983.

[3] This purported "verbal harassment" does not rise to the level required to establish a constitutional violation. *See, e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *King v. Olmsted,* 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right).

[4] The Court believes plaintiff is referring to the "High Frequency Active Auroral Research Program" jointly funded by the U.S. Air Force, the U.S. Navy and the Defense Advanced Research Projects Agency.

or controlled, by HAARP, or some other "computer system," and he is afraid of being killed in his sleep.

Plaintiff has not made a formal request for relief, merely seeking "help" from this Court not to be "killed."

**Discussion**

An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton,* 504 U.S. at 32–33. The instant action is subject to dismissal as factually frivolous under *Denton.* Plaintiff's complaint fails to allege a constitutional or federal claim against defendant Tom Villmer in this action, presumably brought pursuant to 42 U.S.C. § 1983. As such, this action will be dismissed as factually frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of September, 2015.

*/s/ Henry Edward Autrey*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE